IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |
|---|---|
| James F. Joyner, III, *as trustee of the Cubex, Inc. Employee Stock Ownership Plan and Trust*,<br><br>     Plaintiff,<br><br>v.<br><br>Industrial Control Concepts, Inc., *D/B/A* ICC, Inc.,<br><br>     Defendant. | Case No.: 0:20-cv-03266-SAL<br><br><br><br>**OPINION AND ORDER** |

Before the Court is Plaintiff James F. Joyner, III, as trustee of the Cubex, Inc. Employee Stock Ownership Plan Trust's ("Plaintiff") Motion for Partial Summary Judgment ("Motion"). [ECF No. 19.] Through the Motion, Plaintiff seeks judgment in its favor on the issue of liability under a Guaranty Contract. Defendant Industrial Control Concepts, Inc., d/b/a ICC, Inc. ("Defendant") does not contest liability. [ECF No. 21.] For the reasons expanded upon below, and without opposition from Defendant, Plaintiff's Motion is granted.

## PROCEDURAL HISTORY AND BACKGROUND

On September 14, 2020, Plaintiff filed this breach of contract action related to a guaranty agreement. [ECF No. 1, Compl.] Plaintiff alleges that on August 15, 2017, a non-party, Duckpond, Ltd. ("Duckpond") purchased all of Cubex, Inc. from the Employee Stock Ownership Plan and Trust ("ESOP"). *Id.* at ¶¶ 2, 11. The transaction involved both a lump sum closing payment and twelve quarterly installment payments. *Id.* at ¶ 2. According to Plaintiff, Duckpond made the first six payments, but failed to make the seventh, eighth, and ninth installments. *Id.*; *see also id.* at ¶¶ 14–18.

As part of the transaction and as a condition to the stock purchase, Defendant signed a guaranty to serve as the absolute and unconditional guarantor of Duckpond's obligations. *Id.* at ¶¶ 3, 22–24. Following a demand to Defendant for the outstanding payments, Plaintiff instituted this breach of contract case.

Defendant answered on December 16, 2020. [ECF No. 10, Ans.] In the Answer, Defendant admits it executed the guaranty, *id.* at ¶ 3, admits Duckpond failed to make the seventh, eighth, and nineth installment payments, *id.* at ¶¶ 15–17, and admits Plaintiff made a demand for payment, *id.* at ¶ 26.

On April 8, 2021, Plaintiff filed the Motion that is the subject of this order. [ECF No. 19.] Plaintiff seeks judgment in its favor on the issue of liability, leaving damages to be determined at trial. Defendant submitted a response, stating it does not contest entry of partial summary judgment on the issue of liability. [ECF No. 21.] Plaintiff submitted a reply, and the matter is now ripe for resolution by the court. [ECF No. 22.]

## UNDISPUTED FACTS IN THE RECORD

The following undisputed facts appear in the record and serve as the basis for Plaintiff's request for partial summary judgment:

- The Guaranty, ECF No. 1-1, is valid and enforceable [*See* ECF No. 19-1, Req. for Admis. 3, 4, 6, 7, 9];

- Duckpond failed to make the installment payment as required, *id.* at Req. for Admis. 10;

- Defendant guaranteed the installment payments and is liable for those payments, along with reasonable attorneys' fees, id. at Req. for Admis. 11–15;

- Defendant has breached the Guaranty, *id.* at Req. for Admis. 1.

## STANDARD OF REVIEW

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This can be shown from "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–32 (1986).

## DISCUSSION

As outlined above, Defendant does not contest summary judgment in favor of Plaintiff on the issue of liability for breach of contract. The court then need only satisfy itself that the documents in the record show that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law.

Under South Carolina law, a guaranty is a contract. *TranSouth Fin. Corp. v. Cochran,* 478 S.E.2d 63, 65 (S.C. Ct. App. 1996); *Citizens & S. Nat'l Bank of S.C. v. Lanford*, 443 S.E.2d 549, 550 (S.C. 1994) ("A guaranty of payment is an absolute or unconditional promise to pay a particular debt if it is not paid by the debtor at maturity."). To establish liability, Plaintiff must show the existence of a contract, its breach, and damages. The undisputed record before the court establishes that Defendant is liable pursuant to the Guaranty.

Defendant admits the validity of the Guaranty, admits Duckpond's failure to make the required installment payments, admits its own failure to pay upon demand, and the only issue remaining is

the amount of damages Plaintiff may recover.  Thus, there is no dispute as to any material fact about liability in this matter, and Plaintiff is entitled to a judgment as a matter of law regarding liability.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment on the issue of liability, ECF No. 19, is **GRANTED**.

**IT IS SO ORDERED.**

/s/Sherri A. Lydon_____

August 2, 2021
Florence, South Carolina

Sherri A. Lydon
United States District Judge